UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIDHIER CAMPOS,
(A-Number: 221-489-634)

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-02951-KES-FJS (HC)

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

[ECF No. 1]

[10-DAY OBJECTION DEADLINE]

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on April 20, 2026, challenging his re-detention by the Department of Homeland Security ("DHS"). (ECF No. 1.) On April 7, 2026, the court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (ECF No. 7.) On the same date and prior to the court's order, Respondents filed an opposition to the petition. (ECF No. 6.)

In their opposition, Respondents present the same legal arguments the court previously rejected in the orders noted above. As Respondents have not made any new legal arguments or identified any factual or legal issues that distinguish the case from the court's prior decisions noted above, the court recommends granting the petition and ordering Petitioner's immediate release.

Petitioner also requests that Respondents be permanently enjoined from further unlawful detention under *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), or any further applicable law. (ECF No. 1 at 27.) A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). Other courts have declined to enter permanent injunctions restraining the government from future detainments. *See, e.g., Guan v. Bondi*, No 26-cv-192-CCB-SJF, 2026 WL 772417, at *3 (S.D. Ind. March 19, 2026). This Court recommends against incorporating a notice and hearing restraint for three primary reasons.

- First, a prospective permanent injunction imposing a notice requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondent from re-detaining petitioner without a pre-deprivation hearing except when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026) (preliminarily restraining respondent from re-detention without a pre-deprivation hearing except when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the Court can currently anticipate all possible exceptions to a notice requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves unintentionally overbroad, and

consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.

• Second, requiring Respondent to individually track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel changes, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship on Respondents that tips against imposition of a permanent injunction.

• Third, the petition does not proffer evidence of future detainment. (ECF No. 1.) At this point, the possibility of future confinement is too speculative to justify permanent injunctive relief. *Cf. Guan*, 2026 WL 772417, at *3.

This court is sensitive to the concern that Petitioner will be re-detained on the same grounds that this court now rejects. The court is confident Respondent will be mindful of complying with the final disposition of this petition and honoring that outcome's res judicata effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (1896) (affirming the grant of a habeas petition to an immigrant who was arrested for re-examination about eighteen months after previously having been granted habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be ORDERED TO RELEASE Petitioner.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of these findings and recommendations a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not

exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:  __**May 15, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE

4