UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIDHIER CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No.  1:26-cv-02951-KES-FJS (HC)<br><br>A-Number: 221-489-634<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING RESPONDENTS TO RELEASE PETITIONER<br><br>Doc. 11 |

Petitioner Didhier Campos is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition and order petitioner's immediate release.  Doc. 11.  But unlike this Court's prior cases, which the magistrate judge cited in the findings and recommendations, *see* Doc. 11 at 2 (citing *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025)), the magistrate judge "recommend[ed] against incorporating a notice and hearing restraint[,]" *see* Doc. 11 at 2–3.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within ten (10) days after service.  No objections were filed.

1

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review.  Having carefully reviewed the entire case, the Court concludes that the findings and recommendations regarding the merits of the petition are supported by the record and proper analysis.  But the Court declines to adopt the findings and recommendations to the extent they recommend "against incorporating a notice and hearing restraint."  Doc. 11 at 2–3.  There remain concerns that, absent such relief, petitioner could be re-detained on the same grounds this Court rejected in ordering his release.  Nor have respondents shown that such injunctive relief, which provides for due process consistent with the claims raised in the petition, unduly burdens the government.  However, the Court clarifies the scope of the injunctive relief.  Respondents are prohibited from re-detaining petitioner on the grounds that he is subject to 8 U.S.C. § 1225(b), and they are prohibited from re-detaining petitioner without a pre-deprivation bond hearing based on petitioner's prior conduct.  But the Order does not address the circumstances in which petitioner may be re-detained without a pre-deprivation bond hearing if he commits a criminal offense after the date of this order, or the circumstances in which he may be re-detained if he becomes subject to a final order of removal.

The Court ORDERS:

1.  The findings and recommendations issued on February 29, 2026 (Doc. 11) are ADOPTED in part.

2.  The petition for writ of habeas corpus is GRANTED.

3.  Respondents are ORDERED to release petitioner Didhier Campos (A-Number: 221-489-634) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justifed.[1]

4.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] The Order does not address the circumstances in which petitioner may be re-detained without a pre-deprivation bond hearing if he commits a criminal offense after the date of this order, or the circumstances in which respondents may re-detain petitioner if he becomes subject to a final order of removal.

2

5. The Clerk of Court is directed to close this case and enter judgment for petitioner.

6. The Clerk is directed to terminate any remaining motions as moot.

7. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:     July 2, 2026

_____
UNITED STATES DISTRICT JUDGE

3